-1-

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **LEVANDER JOHN HURSEY** | **CIVIL ACTION NO.  09-1705** |
| VS. | SECTION P |
| **CALCASIEU PARISH SHERIFF'S OFFICE, ET AL.** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983 on September 28, 2009, by *pro se* plaintiff Levander John Hursey.[1]  [Doc.1].  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Calcasieu Correctional Center (CCC) in Lake Charles, Louisiana.  He has been allowed to proceed *in forma pauperis*. [Doc. 5].

As defendants herein, plaintiff names: Calcasieu Parish Sheriff's Office[2]; Calcasieu Sheriff Tony Mancuso; CCC Deputy F.L. Bernard; and, CCC Deputy/Supervisor Rossteet.  In

---

[1] Plaintiff has since filed several documents in support of his complaint, all of which have been considered by the court in reaching its findings in this report and recommendation.

[2] Plaintiff named the Calcasieu Parish Sheriff's Office (CPSO) as a defendant. Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether CPSO has the capacity to be sued in this action.  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  The State of Louisiana grants no such legal status to any law enforcement office or department. See *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Dept*., 350 So.2d 236 (La.App. 3d Cir.1977).  In Louisiana, the Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).  Louisiana has not granted juridical status to the Calcaseiu Parish Sheriff's Office. Plaintiff's suit against this non-juridical entity fails to state a claim upon which relief can be granted.

sum, plaintiff alleges that defendants have failed to protect him against other inmates and that he has been subjected to racial discrimination. As relief, he seeks damages for mental anguish, pain and suffering, future medical costs and psychiatric treatment, and punitive damages. Plaintiff also asks the court to conduct an in-depth investigation into this matter.[3]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff alleges that on July 18, 2008, he notified CCC personnel regarding the unusual behavior of inmate Veron Diedrich who had been placed in plaintiff's cell. Plaintiff states that Diedrich appeared to be on drugs. Plaintiff further states that the night shift personnel negligently failed to remove Diedrich from the cell. Plaintiff and Deidrich apparently had a verbal confrontation which resulted in Diedrich striking plaintiff from behind and hitting him on the head with a plastic dining tray. Plaintiff states that he immediately informed defendant Bernard, who responded that he would take care of it. Plaintiff also claims that he notified defendant Rossteet, who told plaintiff "I ain't seen nothing."

CCC prepared an investigation report dated July 21, 2008, which stated that Diedrich was charged and moved to a different cell (apparently Diedrich was not moved until the Monday following the Friday incident). Plaintiff states that he was forced to sleep in a bunk over Diedrich for the entire weekend. Plaintiff also complains that he did not receive medical care although he does not give any details concerning any alleged injuries.

---

[3] The undersigned notes that this court has no authority to order an investigation. With respect to this aspect of plaintiff's claim, he has failed to state a claim for which relief may be granted.

-3-

CCC completed a supplemental report dated October 10, 2008, in which Diedrich claimed that plaintiff was stealing trays from other inmates. Diedrich approached plaintiff about this and was told to mind his business. Diedrich alleges that plaintiff then began to yell to the other inmates that Diedrich was a snitch, among other derogatory statements. Diedrich admitted that he struck the plaintiff. The report noted that the Calcasieu District Attorney's Office rejected the charge of aggravated battery against Diedrich.

Plaintiff's racial discrimination claim seems to center around his statement that, prior to the incident in question, a black inmate was removed from a dorm just because a white inmate felt threatened.

Plaintiff also alleges that on June 29, 2009, while he was a detainee at the Calcasieu Parish Prison, an incident occurred whereby a known assailant physically injured him, and that he was denied removal from the cell despite being threatened with physical harm by the assailant.

1.   *Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should

therefore be dismissed with prejudice.

*2.      Racial Discrimination*

Plaintiff's conclusory statements that defendants are discriminating against him on the basis of race are insufficient to establish a constitutional violation.  In this case, plaintiff has failed to allege sufficient facts that would allow him to maintain his action against the defendants.  Accordingly, the Court recommends that, to the extent plaintiff seeks to allege a claim of racial discrimination under § 1983, such a claim should be dismissed for failing to state a claim and/or for frivolousness.

*3.      Failure to Protect*

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates.  However, not every injury suffered by a prisoner rises to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed. 2d 811, 823 (1994).

In order to establish an Eighth Amendment violation, an inmate must establish both a subjective and objective component. The <u>objective</u> requirement necessitates that the inmate allege a sufficiently serious deprivation.  *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave' to constitute cruel and unusual punishment."  *Id*. (*quoting*, *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).  While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the United States Supreme Court has held that such things as food, warmth, exercise and safety fall in into this category, *Wilson*, 111

S.Ct. at 2327, as well as adequate medical care, *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 251 (1976), and protection from physical abuse by other inmates, *Farmer*, 114 S.Ct. 1976-1977.

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer*, 114 S.Ct. at 1997. A prison official's culpability is measured by deliberate indifference which is defined as *knowing and disregarding an excessive risk to inmate health or safety*. *Farmer,* 114 S.Ct. at 1979 (emphasis added). Deliberate indifference is established by showing that the defendant officials were "aware of facts from which an inference of excessive risk to the prisoner's health and safety could be drawn and that they actually drew an inference that such harm existed." *Herman v. Holiday*, 238 F.3d 660 (W.D. La. 2001)(*quoting, Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997). Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim. *Farmer,* 114 S.Ct. at 1978 ("deliberate indifference entails something more than mere negligence...").

In the present case, plaintiff has alleged that the defendants failed to protect him from assault by inmate Diedrich despite the fact that plaintiff informed the defendants of Diedrich's unusual behavior. Plaintiff also alleges that he was the victim of an attack on June 29, 2009, but gives almost no information on that incident. Simply put, plaintiff's allegations do not demonstrate that the defendants' conduct constituted deliberate indifference in regard to the

alleged incidents.

In *Farmer*, the Court held that to find that a defendant acted with deliberate indifference was to determine the defendant "knew" of the risk to the plaintiff at the time he acted, but was indifferent or unresponsive to it. *Farmer*, 114 S.Ct. at 1980-81. This subjective test is met if the defendant is shown to be aware of the risk to the plaintiff and then fails to respond to it. Plaintiff has not established that defendants knew of and disregarded an excessive risk to plaintiff's safety, or that plaintiff would suffer substantial harm under the circumstances presented by plaintiff. While the court in *Farmer* also stated that the knowledge requirement may be met without such direct evidence as actual knowledge, i.e. circumstantial evidence, plaintiff would still not meet his burden in showing that the defendants were at least made aware of the risk that plaintiff would be subjected to serious harm under the facts submitted by plaintiff . *Farmer*, 114 S. Ct. at 1981.

In order to make a showing that these defendants were at least aware, as opposed to showing the defendants actually knew that serious harm would befall plaintiff, he would have had to allege that the substantial risks of an inmate attack upon plaintiff was a "longstanding, pervasive, well-documented or expressly noted by prison officials and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 114 S.Ct. at 1981. Plaintiff has not shown such circumstances were apparent in either claimed incident. In sum, plaintiff has not met his burden under either knowledge definition, and therefore his claims that defendants failed to protect him in violation of his constitutional rights should be dismissed for failing to state a claim upon which relief could be granted.

*4.     Supervisory Liability*

As a defendant, plaintiff names Sheriff Tony Mancuso.  To the extent that he names this defendant in a supervisory capacity, such claim is not cognizable as it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*.  See,  *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951,  113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990).

To be liable under §1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v.  Buffington*, 150 F.3d 538, 544 (5th Cir.  1998).  Here, plaintiff fails to set forth a constitutional claim against this party.  There are no allegations that he was personally implicated in any alleged constitutional deprivation or that he implemented any policy which acts as a constitutional deprivation.  Thus, these claims should be dismissed for failure to state a claim upon which relief may be granted.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within ten (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED,** in chambers, in Lake Charles, Louisiana, this 30th day of March, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE